FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 NOV 30 PM 2: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | **ENTERED** |
|  | ) | **NOV 3 0 1999** |
| Plaintiff, | ) |  |
| vs. | ) | CV 97-L-2924-S |
| 3.236 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; HELEN T. GRAVEMAN, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

RE: Cullman County Tract
No. 99

## MEMORANDUM OPINION

### I. Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendant, Helen T. Graveman. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

17

II.  Discussion and Findings

A.  Damages Awarded for the Permanent Easement

The Commissioners awarded $16,180 for the permanent pipeline easement.  Defendant objects to the awarded values claiming that the Commissioners failed to consider the highest and best use of the property as testified by the owner and witnesses.  As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable."  The court finds that the Commissioners' award, made in light of the testimony, is not clearly erroneous.  The court therefore approves and adopts the Commissioners' finding as that of this court.

B.  Amount Awarded for Temporary Easement

The Commissioners recommended that $2,730 was appropriate compensation for the temporary construction easement For the reasons stated above, the Commissioners' findings are approved and adopted as the findings of the court.

C.  Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in

this easement amounted to $1,890. The Commissioners' findings are approved and adopted as the findings of the Court.

D.   Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded no compensation for damage caused by the pipeline outside of the permanent easement. Defendant objects to the Commissioners' award of remainder damages claiming that the Commissioners disproportionately relied upon the evidence of plaintiff's witness in failing to provide compensation to the remaining property. As discussed above, the Commissioners have wide discretion is determining the weight to give to opinion evidence. The Commissioners' award is supported by the substantial weight of the evidence and, as such, is approved and adopted as the finding of this court.

III.   Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $20,800. Having concluded that no element of the Commissioners' award is clearly erroneous, the court adopts the Commissioners' findings in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $20,800 as just

compensation in favor of the defendant.


DONE this __30th__ day of November 1999.


_____
SENIOR JUDGE